UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE FELIX ORTIZ LEON,<br><br>        Plaintiff,<br><br>  v.<br><br>CITY OF MERCED, a municipal corporation, MERCED POLICE DEPARTMENT OFFICER BRYAN SAELEE, Individually, MERCED POLICE DEPARTMENT CHIEF NORM ANDRADE, in his Official Capacity, and DOES 1 through 50, jointly and severally,<br><br>        Defendants. | No. 1:14-CV-01129-GEB-SAB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT** |

        Defendants City of Merced ("the City"), Merced Police Department ("MPD") Chief Norm Andrade, and MPD Officer Bryan Saelee move under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for dismissal of Plaintiff's First Amended Complaint ("FAC").

        Plaintiff alleges in his FAC that as a result of each Defendant's "tortious and constitutionally violative conduct, [he] was misidentified" and consequently mistakenly arrested and detained. (FAC ¶ 1, ECF No. 14.)

## I.  Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 1949 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). "For purposes of a motion to dismiss, we accept all well-pleaded allegations of material fact as true and construe them in the light most favorable to the nonmoving party." Sateriale v. R.J. Reynolds Tobacco Co., 697 F.3d 777, 783 (9th Cir. 2012). However, "we do not accept legal conclusions in the complaint as true, even if cast in the form of factual allegations." Lacano Inv., LLC v. Balash, 765 F.3d 1068, 1071 (9th Cir. 2011) (internal quotation marks omitted).

## II.  Statement of Facts

The following allegations in the FAC concern the motion. "MPD maintains a database of suspects," which can only store one address for each person. (FAC ¶ 17.) The information in the MPD database is "forwarded to [various agencies], who . . . use such information to either arrest individuals . . . or to summon such individuals to court." (Id. ¶ 18.)

Officer Saelee "wrote . . . Plaintiff's address on a document he filed with the MPD in relation to a 2012 case involving the real suspect, Jose Ortiz," and Saelee "caused the

2

address in the MPD database to be changed to falsely reflect Plaintiff's address." (Id. ¶¶ 19-20.) When Saelee did so, he "set[] into motion a chain of events that he knew or should have known would foreseeably lead to the address for the real suspect being changed and overwritten" in the MPD database to Plaintiff's address. (Id. ¶ 19.) Plaintiff was "arrested [on or about June 18, 2013,] and thereafter falsely imprisoned in the Merced County Jail as a result of being wrongfully . . . identified as . . . the real suspect." (Id. ¶ 24.) Plaintiff was arrested even though the real suspect "is a different height [and]. . . weight" than Plaintiff, has a different date of birth, and the Defendants "ha[d] access to an abundance of relevant, identifying information concerning the real suspect. . . including . . . finger prints, booking photos, prior reports, and addresses." (Id. ¶ 1.)

On July 1, 2013, the Merced County Superior Court found Plaintiff "factually innocent" because "he unequivocally was not the suspect in the pending criminal matters." (Id. ¶ 26.)

"Defendants Andrade and the City of Merced failed to institute reasonable quality control procedures . . . for requiring verification and corroboration [of information entered into the MPD database], to reduce the risk of innocent persons with the same or similar names having their address falsely entered into MPD's database as that of a suspect." (Id. ¶ 17.) As a result, "a number of other individuals in the last several years. . . have been falsely arrested." (Id. ¶ 28.)

///

///

3

**III. Discussion**

**A. Claims Against Saelee Concerning Plaintiff's Arrest And Detention**

Saelee seeks dismissal of Plaintiff's Fourth and Fourteenth Amendment federal claims and Plaintiff's false arrest and false imprisonment state claims, all of which hinge on the allegation that Saelee is liable for Plaintiff's arrest and subsequent detention in the Merced County Jail.

Plaintiff alleges Saelee "knew or should have known that other law enforcement agencies would take action to arrest and confine" him based on Saelee's conduct since Saelee caused Plaintiff's address to be associated with a criminal suspect and knew government agencies used the MPD database to make arrests. (Pl.'s Opp'n Defs.' Mot. Dismiss FAC ("Opp'n") 29:7-9, ECF No. 23.) However, Plaintiff alleges that the officers who arrested him lacked probable cause to arrest him since he and the real suspect do not share other identifying information such as date of birth, height, or weight. (FAC ¶ 30.)

Since Plaintiff alleges that the arresting officers lacked probable cause to arrest him, Plaintiff allegations fail to plausibly show that Saelee's entry of Plaintiff's address into the MPD database caused Plaintiff's arrest. Therefore, Plaintiff's Fourth Amendment, Fourteenth Amendment, false arrest, and false imprisonment claims are dismissed with leave to amend.

**1. Fourteenth Amendment Claims**

Saelee argues Plaintiff's Fourteenth Amendment claims should be dismissed without leave to amend since Plaintiff's federal claims are governed by the Fourth Amendment.

4

Specifically, Saelee argues "the Fourth Amendment applies to ... pre-arraignment seizure[s]". (Mot. 3:28-4:1, ECF No. 16.)

However, "[p]recedent demonstrates . . . that post-arrest incarceration is analyzed under the Fourteenth Amendment alone." Rivera v. County of Los Angeles, 745 F.3d 384, 389-90(9th Cir.2014).

Saelee has not shown that the dismissal motion should be granted without leave to amend. Therefore, the motion is denied.

**B.  Monell Claim**

The City and Andrade seek dismissal of Plaintiff's Monell claim, arguing "to the extent Plaintiff fails to sufficiently allege. . . an underlying constitutional violation of the Fourth and Fourteenth Amendments, the Monell claim also fails." (Mot. 6:21-23.)

Plaintiff argues his Complaint sufficiently alleges a Monell claim against the City and Andreade since he alleges they "failed to institute reasonable quality control procedures within the MPD for requiring verification and corroboration [of information in the database], to reduce the risk of innocent persons . . . having their address falsely entered into MPD's database" notwithstanding the "numerous procedures and information systems [that] are available. . . to address [this] risk," and this failure amounts to deliberate indifference. (Opp'n 21:19-26.)

To allege a claim under the municipal liability doctrine promulgated by the Supreme Court in Monell v. Department of Social Services, 436 U.S. 658 (1978), "a plaintiff must prove

5

"(1) that the plaintiff possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation." Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir.2011).

Plaintiff has not alleged facts plausibly evincing that the MPD database policies were the "moving force" behind his alleged constitutional injury; and he alleges that the arresting officers lacked probable cause to arrest him. (FAC ¶ 30.)

Therefore, Plaintiff's Monell claim is dismissed.

### C. California Constitution

Saelee argues Plaintiff's claim alleged under Article I, Section 13 of the California Constitution should be dismissed since it "fail[s] as a matter of law" because "California courts do not recognize []a claim[] for damages for violation" of this provision. (Mot. 8:22, 8:24-25.)

Plaintiff counters that "[a] damages claim under Article I, § 13 is cognizable because the California Supreme Court in Katzberg [v. Regents of Univ. of Cal.]. . . implicitly endorsed a damages action for the violation of the prohibition against unlawful searches and seizures" in Article I, Section 13 of the California Constitution. (Opp'n 26:4-6.)

Article I, Section 13 of the California Constitution protects a person's "right. . . to be secure in their persons, papers, and effects against unreasonable seizures and searches." In Katzberg, the California Supreme Court stated "it is appropriate to employ the following framework for determining the

6

existence of a damages action to remedy an asserted constitutional violation":

> First, we shall inquire whether there is evidence from which we may find or infer, within the constitutional provision at issue, an affirmative intent either to authorize or to withhold a damages action to remedy a violation. . . . If we find any such intent, we shall give it effect. Second, if no affirmative intent either to authorize or to withhold a damages remedy is found, we shall undertake the 'constitutional tort' analysis adopted by Bivens [v. Six Unknown Named Agents, 403 U.S. 388 (1971)] and its progeny. Among the relevant factors in this analysis are whether an adequate remedy exists, the extent to which a constitutional tort action would change established tort law, and the nature and significance of the constitutional provision. If we find that these factors militate against recognizing the constitutional tort, our inquiry ends. If, however, we find that these factors favor recognizing a constitutional tort, we also shall consider the existence of any special factors counseling hesitation in recognizing a damages action, including deference to legislative judgment, avoidance of adverse policy consequences, considerations of government fiscal policy, practical issues of proof, and the competence of courts to assess particular types of damages.

Katzberg v. Regents of Univ. of Cal., 29 Cal.4th 300, 317 (2002).

The Katzberg factors do not favor Plaintiff's monetary damages claim alleged under Article I, Section 13 of the California Constitution since "[n]either the plain language of the [A]rticle I, [S]ection 13, nor the available legislative history indicate[s] an intent on behalf of the California Legislature to permit the recovery of monetary damages for its violation." Manning v. City of Rohnert Park, No. C 06-03435 SBA, 2007 WL 1140434, at *1 (N.D. Cal. Apr. 17, 2007). Nor has Plaintiff shown that he lacks an adequate remedy under

1  California's false arrest and false imprisonment law to seek
2  damages for his alleged injury. See Brown v. Cnty. of Kern, No.
3  1:06-cv-00121-OWW-TAG, 2008 WL 544565, at *17 (E.D. Cal. Feb. 26,
4  2008)(considering legislative history and Plaintiff's other tort
5  claims when deciding Plaintiff could not bring a damages claim
6  under the same constitutional section).
7      Therefore, Saelee's motion to dismiss Plaintiff's
8  general and compensatory damages claim alleged under Article I,
9  Section 13 of the California Constitution without leave to amend
10 is granted.

**D.  Negligence**

**1. No Duty**

13     Saelee seeks dismissal of Plaintiff's negligence claim
14 against him arguing solely that Plaintiff does not "identify any
15 enactment or statute that impose[d] some legal duty on . . .
16 Saelee." (Mot. 10:2-3.) However, Saelee has not demonstrated that
17 this argument is a basis for dismissal.
18     Therefore, the motion is denied.

**2. Immunity**

20     The City seeks dismissal of Plaintiff's negligence
21 claim that is alleged against it under California Government Code
22 section 815.2, arguing that California law immunizes it from this
23 claim.
24     Plaintiff contends California law authorizes this claim
25 since he alleges that his injury resulted from a City employee's
26 conduct while the employee was acting within the scope of his
27 employment.
28     The City responds that holding it liable for its

8

employee's conduct "would be redundant to any claim asserted against an individual employee," and since Plaintiff's negligence claim is also alleged against Saelee, "any separate claim for relief against the City. . . based on ... [Saelee's alleged conduct] would be . . . superfluous." (Opp'n 15-17.)

"California Government Code section 815.2, subdivision (a) makes a public entity vicariously liable for its employee's negligent acts or omissions within the scope of employment." Eastburn v. Reg'l Fire Prot. Auth., 31 Cal. 4th 1175, 1180 (2003). "As long as [a plaintiff] is permitted to allege that the [City] employees were negligent, he must also be permitted to allege that the [City] is derivatively liable pursuant to California Government Code § 815.2(a)." AE ex rel. v. Cnty. of Tulare, 666 F.3d 631, 638 (9th Cir. 2012).

Therefore, the City's motion is denied.

## IV.  Conclusion

For the stated reasons, each Defendant's dismissal motion is GRANTED in PART and DENIED in PART. Plaintiff is granted ten (10) days from the date on which this order is filed to file a Second Amended Complaint addressing the deficiencies in any claim dismissed with leave to amend.

Dated:  January 8, 2015

GARLAND E. BURRELL, JR.
Senior United States District Judge

9