UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE FELIZ ORTIZ LEON,<br><br>        Plaintiff,<br><br>  v.<br><br>CITY OF MERCED, a municipal corporation, MERCED POLICE DEPARTMENT OFFICER BRYAN SAELEE, individually, MERCED POLICE DEPARTMENT CHIEF NORM ANDRADE, in his official capacity, and DOES 1 through 50, jointly and severally,<br><br>        Defendants. | No. 1:14-CV-01129-GEB-SAB<br><br>**ORDER GRANTING EACH DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT** |

        Each of the following Defendants filed a dismissal motion challenging the sufficiency of claims alleged in Plaintiff's Second Amended Complaint ("SAC"): Defendants City of Merced ("the City"), Merced Police Department ("MPD"), Officer Bryan Saelee ("Saelee"), and MPD Chief Norm Andrade ("Andrade"). Plaintiff alleges the following California claims in his SAC: false arrest, false imprisonment, and negligence; and federal due process claims under 42 U.S.C. § 1983. Each claim is premised on allegations that each Defendant caused Plaintiff to be wrongfully arrested and detained as a consequence of Saelee's placement of Plaintiff's address in an MPD database, following which Plaintiff was misidentified as Jose Ortiz, the suspect in a domestic

1

violence investigation.

## I. STATEMENT OF FACTS

The following allegations in the SAC concern the motion. "MPD maintains a database of [information about] suspects" including a suspect's address. (SAC ¶ 17, ECF No. 27.) When a new address is input into the database, "the database over-writes" and replaces the previously entered address. (Id.) Information in the database is used to "generate[] MPD documents" that are "forwarded to the Merced County District Attorney's Office, the Merced County Superior Court, and other government agencies, [that] rely on [such information] . . . [for the purpose of] either arrest[ing] individuals . . . or . . . summon[ing] [them] . . . to court or elsewhere." (Id.)

Saelee had "knowledge of how the [MPD database] is set up and functions," and "wrote Plaintiff's address on a document ... filed with the MPD in relation to a 2012 case involving the real suspect, Jose Ortiz," who was a suspect in several domestic violence-related crimes against his ex-wife. (SAC ¶¶ 1, 19.) Plaintiff and Jose Ortiz have different heights, weights, dates of birth, and live in different cities. (Id. ¶ 1.) However, "[d]esignating Plaintiff's address as [Jose Ortiz's address]... misidentified Plaintiff as the suspect since [Jose Ortiz's] name is included in Plaintiff's name." (Id. ¶ 30.)

The information in the MDP database was "forwarded to ... the District Attorney and other agencies[,] . . . [and thereby] creat[ed] the unmistakable . . . impression" that Plaintiff's address was the address of [the real suspect] Jose Ortiz. (SAC ¶ 30.) "As a result of being misidentified" as Jose

Ortiz, Plaintiff "was summoned and, after complying [with the summons], . . . was seized and imprisoned" in the Merced County Jail "[o]n or about June 18, 2013." (Id. ¶¶ 23, 24.) On July 1, 2013, the Merced County Superior Court "determined [Plaintiff] unequivocally was not the suspect in the pending criminal matters." (Id. ¶ 26.)

Plaintiff alleges his arrest and detention was "a foreseeable consequence" of Saelee's placement of the wrong address in the MDP database since "any reasonably trained officer would know" that when a summons is issued, "[a]rrests are made... and identities are sorted out later [, and that t]he default practice is to arrest[, and] law enforcement errs on the side of taking perceived suspects into custody" before "sorting out identity issues." (SAC ¶ 30.)

Plaintiff alleges the City and Andrade are responsible for his arrest and detention since they failed to maintain sufficient quality control policies for operation of the MPD database, and failed to adequately train employees on how to ensure accurate address information was entered into the database.

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

3

defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). "For purposes of a motion to dismiss, we accept all well-pleaded allegations of material fact as true and construe them in the light most favorable to the nonmoving party." Sateriale v. R.J. Reynolds Tobacco Co., 697 F.3d 777, 783 (9th Cir. 2012). However, the court does "not accept legal conclusions in the complaint as true, even if cast in the form of factual allegations." Lacano Inv., LLC v. Balash, 765 F.3d 1068, 1071 (9th Cir. 2011) (internal quotation marks omitted).

### III. DISCUSSION

**A.   False Arrest, False Imprisonment, Negligence, and Violation of Plaintiff's Due Process Rights**

Saelee and the City each seek dismissal of Plaintiff's false imprisonment, false arrest, and negligence claims. The claims against the City are alleged under California Government Code section 815.2, which creates liability against a public entity for actions of an employee that would "give[] rise to a cause of action against that employee." Saelee also seeks dismissal of Plaintiff's due process claim. Saelee and the City argue:

> Plaintiff appears to imply it is plausible an incorrect address was the sole reason he was arrested, [not withstanding] the other allegations that Plaintiff is not Jose Ortiz, but Jose Ortiz Leon, [and that he has a different date of birth, height, and weight than the Jose Ortiz.]

(Not. Defs.' Mot. Dismiss SAC 5:1-6, ECF No. 28.)

Plaintiff responds:

> [His arrest] was the proximate result of

4

> SAELEE's conduct—notwithstanding . . . [that he was physically arrested by someone other than Saelee and] despite the differences in identifying features between Plaintiff and the real suspect—because [the fact that Plaintiff was arrested before it was determined whether he was in fact Jose Ortiz] . . . was not [a] highly unusual or an extraordinary response to Plaintiff appearing in response to the summons for the suspect, [Jose Ortiz].

(Pl.'s Opp'n Defs.' Mot. Dismiss SAC ("Opp'n") 11:15-18, ECF No. 32.) Plaintiff argues Saelee knew Plaintiff would be arrested when he responded to the summons sent to his address since a police officer "knows the steps that transpire in the process of taking suspects into custody or summoning criminal defendants" and that when an individual responds to a summons, he or she is arrested. (Opp'n 20:11-16.)

To plead each claim Plaintiff must plausibly allege that each movant caused the injuries about which he complains. See Boyd v. City of Oakland, 458 F. Supp. 2d 1015, 1053 (N.D. Cal. 2006) ("To establish a claim of false arrest or false imprisonment, Plaintiff must prove . . . that the harm [suffered] was substantially caused by the Defendant's conduct.") (emphasis added) (citing Fermino v. Fedco, Inc., 7 Cal. 4th 701, 715-16 (1994)); Carlsen v. Koivumaki, 227 Cal.App.4th 879, 892 (2014) ("The elements of any negligence cause of action are duty, breach of duty, proximate cause, and damages.") (emphasis added); Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008) ("In a § 1983 action, the plaintiff . . . must demonstrate that the defendant's conduct was the actionable cause of the claimed injury.") (quotation omitted, emphasis added). Plaintiff is required to plausibly establish both cause in fact and proximate

5

cause. See e.g. Lineaweaver v. Plant Insulation Co., 31 Cal. App. 4th 1409, 1414-15 (1995) ("Causation . . . includes both cause in fact and proximate-legal causation: the former reflects the necessity of a sufficient factual nexus between the negligent conduct and the injury while the latter represents the legal determination encompassing all the ill-defined considerations of policy which go to limit liability once cause in fact has been established."); Smith v. Harrington, No. C 12-03533, 2015 WL 1407292, at *24-25 (N.D. Cal. Mar. 27, 2015) ("To meet [the federal] causation requirement, the plaintiff must establish both causation-in-fact . . . and proximate causation . . . . A defendant's conduct is a cause-in-fact . . . if it is a "but-for" cause of the injury. And a defendant's conduct is a proximate... cause . . . if there is 'a sufficient causal link between the act or omission of a defendant and any injury suffered by the plaintiff to justify the imposition of liability.'").

Plaintiff alleges Saelee caused his arrest and detention by placing Plaintiff's address in the MPD database since whoever arrested him did so based solely on Plaintiff's address in the database. However, this conclusory allegation is insufficient "to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 679. Therefore, Plaintiff's claims against Saelee are dismissed.

Further, Plaintiff's state claims against the City are also dismissed since they are alleged under California Government Code section 815.2, and therefore depend on Plaintiff alleging a plausible claim against Saelee, which he has not done.

**B. Monell Claim**

The City and Andrade seek dismissal of Plaintiff's Monell claim, alleged under 42 U.S.C. § 1983, arguing since Plaintiff has not pled a plausible due process claim against Saelee, the Monell claim also is not actionable.

Plaintiff responds that even if his claim against Saelee fails, the Monell claim is sufficiently pled since he alleges the City and Andrade "fail[ed] to institute reasonable quality control procedures . . . for requiring verification" of information in the database, and failed "to institute quality control procedures to prevent the wrongful overwriting of a[] [suspect's] address," and these failures "caused or permitted" the false imprisonment of innocent persons. (Opp'n 27:3-6; 26:13-19.)

The "Monell claim," refers to Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978), in which the Supreme Court held that a plaintiff may use § 1983 to pursue a claim against a local government if plaintiff's injuries were the result of a government policy, custom or practice. Liability against a municipality, such as City, may be established in one of three ways: "(1) when implementation of its official policies or established customs inflict[] the constitutional injury;... (2) when its omissions or failure to act amounts to a policy of "deliberate indifference" to constitutional rights; or (3) when an official with final policymaking authority ratifies a subordinate's unconstitutional conduct. Clouthier v. Cnty of Contra Costa, 591 F.3d 1232, 1249-50 (9th Cir. 2010) (synthesizing authority). To allege a plausible Monell claim, a plaintiff must demonstrate that the municipality's "policies are

7

the 'moving force [behind] the constitutional violation." City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989) (emphasis added, brackets in original). Since Plaintiff has not plausibly alleged Saelee violated his due process rights, neither the City nor Andrade can be liable under § 1983. See Quintanilla v. City of Downey, 84 F.3d 353, 355 (9th Cir. 1996) (stating no Monell liability when plaintiff failed to show the individual officer inflicted a constitutional harm); see also Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1021 (9th Cir. 2010) ("Because . . . there was no underlying constitutional violation, [Plaintiff] cannot maintain a claim for municipal liability.").

Therefore, Plaintiff has not plausibly pled the causation element of a Monell claim, and this claim is dismissed.

## IV. CONCLUSION

For the stated reasons, each Defendant's dismissal motion is GRANTED. However, Plaintiff is granted fourteen (14) days leave from the date on which this order is filed to file a Third Amended Complaint addressing the deficiencies in any claim dismissed.

Dated: May 28, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge